1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| MANUEL CAMPA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>WALMART INC., a Delaware Corporation, et al.,<br><br>Defendants. | Case No.: 8:21-cv-00218 DOC (JDEx)<br><br>**STIPULATED PROTECTIVE ORDER** |

Based on the parties' Stipulation (Dkt. 14) and for good cause shown, the Court finds and orders as follows.

### 1.    PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than pursuing this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

2.     <u>GOOD CAUSE STATEMENT</u>

This action involves confidential information from an investigation into alleged misconduct involving multiple third party individuals, and confidential information about third party individuals that implicates the privacy rights of third parties.  This action may also include trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. This action also involves medical and psychological records of Plaintiff that are highly sensitive and confidential.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

3.    ACKNOWLEDGMENT OF UNDER SEAL FILING
      PROCEDURE

The parties further acknowledge, as set forth in Section 14.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. See Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1176 (9th Cir. 2006), Phillips v. Gen. Motors Corp., 307 F.3d 1206, 1210-11 (9th Cir. 2002), Makar-Welbon v. Sony Electrics, Inc., 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to Protected Material that a party seeks to file under seal. The parties' mere designation of Disclosure or Discovery Material as CONFIDENTIAL does not— without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable— constitute good cause.

Further, if a party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. See Pintos v. Pacific Creditors Ass'n., 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the

3

1   requested sealing order. Again, competent evidence supporting the application

2   to file documents under seal must be provided by declaration.

3   Any document that is not confidential, privileged, or otherwise protectable in

4   its entirety will not be filed under seal if the confidential portions can be

5   redacted. If documents can be redacted, then a redacted version for public

6   viewing, omitting only the confidential, privileged, or otherwise protectable

7   portions of the document, shall be filed. Any application that seeks to file

8   documents under seal in their entirety should include an explanation of why

9   redaction is not feasible.

10       4.    DEFINITIONS

11       4.1    Action: this pending federal lawsuit.

12       4.2    Challenging Party: a Party or Non-Party that challenges the

13   designation of information or items under this Order.

14       4.3    "CONFIDENTIAL" Information or Items: information (regardless

15   of how it is generated, stored or maintained) or tangible things that qualify for

16   protection under Federal Rule of Civil Procedure 26(c), and as specified above

17   in the Good Cause Statement.

18       4.4    Counsel: Outside Counsel of Record and House Counsel (as well

19   as their support staff).

20       4.5    Designating Party: a Party or Non-Party that designates

21   information or items that it produces in disclosures or in responses to discovery

22   as "CONFIDENTIAL."

23       4.6    Disclosure or Discovery Material: all items or information,

24   regardless of the medium or manner in which it is generated, stored, or

25   maintained (including, among other things, testimony, transcripts, and tangible

26   things), that are produced or generated in disclosures or responses to discovery.

27   ///

28   ///

PROTECTIVE ORDER
CASE NO. 8:21-cv-00218 DOC (JDEx)

1    4.7    Expert: a person with specialized knowledge or experience in a

2  matter pertinent to the litigation who has been retained by a Party or its counsel

3  to serve as an expert witness or as a consultant in this Action.

4    4.8    House Counsel: attorneys who are employees of a party to this

5  Action.  House Counsel does not include Outside Counsel of Record or any

6  other outside counsel.

7    4.9    Non-Party: any natural person, partnership, corporation,

8  association or other legal entity not named as a Party to this action.

9    4.10   Outside Counsel of Record: attorneys who are not employees of a

10  party to this Action but are retained to represent a party to this Action and have

11  appeared in this Action on behalf of that party or are affiliated with a law firm

12  that has appeared on behalf of that party, and includes support staff.

13    4.11   Party: any party to this Action, including all of its officers,

14  directors, employees, consultants, retained experts, and Outside Counsel of

15  Record (and their support staffs).

16    4.12   Producing Party: a Party or Non-Party that produces Disclosure or

17  Discovery Material in this Action.

18    4.13   Professional Vendors: persons or entities that provide litigation

19  support services (e.g., photocopying, videotaping, translating, preparing

20  exhibits or demonstrations, and organizing, storing, or retrieving data in any

21  form or medium) and their employees and subcontractors.

22    4.14   Protected Material: any Disclosure or Discovery Material that is

23  designated as "CONFIDENTIAL."

24    4.15   Receiving Party: a Party that receives Disclosure or Discovery

25  Material from a Producing Party.

26    5.    SCOPE

27    The protections conferred by this Stipulation and Order cover not only

28  Protected Material (as defined above), but also (1) any information copied or

5

extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge and other applicable authorities. This Order does not govern the use of Protected Material at trial.

### 6.   DURATION

Once a case proceeds to trial, information that was designated as CONFIDENTIAL or maintained pursuant to this protective order used or introduced as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. See Kamakana, 447 F.3d at 1180-81 (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record). Accordingly, the terms of this protective order do not extend beyond the commencement of the trial.

### 7.   DESIGNATING PROTECTED MATERIAL

7.1   Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items or oral or written communications that qualify so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

///

1   Mass, indiscriminate or routinized designations are prohibited.

2   Designations that are shown to be clearly unjustified or that have been made

3   for an improper purpose (e.g., to unnecessarily encumber the case development

4   process or to impose unnecessary expenses and burdens on other parties) may

5   expose the Designating Party to sanctions.

6   If it comes to a Designating Party's attention that information or items

7   that it designated for protection do not qualify for protection, that Designating

8   Party must promptly notify all other Parties that it is withdrawing the

9   inapplicable designation.

10   7.2   Manner and Timing of Designations. Except as otherwise provided

11   in this Order, or as otherwise stipulated or ordered, Disclosure of Discovery

12   Material that qualifies for protection under this Order must be clearly so

13   designated before the material is disclosed or produced.

14   Designation in conformity with this Order requires:

15   (a) for information in documentary form (e.g., paper or electronic

16   documents, but excluding transcripts of depositions or other pretrial or trial

17   proceedings), that the Producing Party affix at a minimum, the legend

18   "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page

19   that contains protected material. If only a portion of the material on a page

20   qualifies for protection, the Producing Party also must clearly identify the

21   protected portion(s) (e.g., by making appropriate markings in the margins).

22   A Party or Non-Party that makes original documents available for

23   inspection need not designate them for protection until after the inspecting

24   Party has indicated which documents it would like copied and produced.

25   During the inspection and before the designation, all of the material made

26   available for inspection shall be deemed "CONFIDENTIAL." After the

27   inspecting Party has identified the documents it wants copied and produced,

28   the Producing Party must determine which documents, or portions thereof,

qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in depositions that the Designating Party identifies the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

7.3   Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

8.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

8.1.   Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

8.2   Meet and Confer. The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 et seq.

8.3 Joint Stipulation. Any challenge submitted to the Court shall be via a joint stipulation pursuant to Local Rule 37-2.

8.4 The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

9.    ACCESS TO AND USE OF PROTECTED MATERIAL

9.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

9.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

///

///

9

1          (b) the officers, directors, and employees (including House

2    Counsel) of the Receiving Party to whom disclosure is reasonably necessary for

3    this Action;

4          (c) Experts (as defined in this Order) of the Receiving Party to

5    whom disclosure is reasonably necessary for this Action and who have signed

6    the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

7          (d) the court and its personnel;

8          (e) court reporters and their staff;

9          (f) professional jury or trial consultants, mock jurors, and

10   Professional Vendors to whom disclosure is reasonably necessary for this

11   Action and who have signed the "Acknowledgment and Agreement to Be

12   Bound" (Exhibit A);

13         (g) the author or recipient of a document containing the

14   information or a custodian or other person who otherwise possessed or knew

15   the information;

16         (h) during their depositions, witnesses, and attorneys for witnesses,

17   in the Action to whom disclosure is reasonably necessary provided: (1) the

18   deposing party requests that the witness sign the form attached as Exhibit A

19   hereto; and (2) they will not be permitted to keep any confidential information

20   unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit

21   A), unless otherwise agreed by the Designating Party or ordered by the court.

22   Pages of transcribed deposition testimony or exhibits to depositions that reveal

23   Protected Material may be separately bound by the court reporter and may not

24   be disclosed to anyone except as permitted under this Stipulated Protective

25   Order; and

26   ///

27   ///

28   ///

PROTECTIVE ORDER
CASE NO. 8:21-cv-00218 DOC (JDEx)

1    (i) any mediators or settlement officers and their supporting
2  personnel, mutually agreed upon by any of the parties engaged in settlement
3  discussions.
4    10.    PROTECTED MATERIAL SUBPOENAED OR ORDERED
5           PRODUCED IN OTHER LITIGATION
6    If a Party is served with a subpoena or a court order issued in other
7  litigation that compels disclosure of any information or items designated in this
8  Action as "CONFIDENTIAL," that Party must:
9    (a) promptly notify in writing the Designating Party. Such
10  notification shall include a copy of the subpoena or court order;
11    (b) promptly notify in writing the party who caused the subpoena
12  or order to issue in the other litigation that some or all of the material covered
13  by the subpoena or order is subject to this Protective Order. Such notification
14  shall include a copy of this Stipulated Protective Order; and
15    (c) cooperate with respect to all reasonable procedures sought to be
16  pursued by the Designating Party whose Protected Material may be affected. If
17  the Designating Party timely seeks a protective order, the Party served with the
18  subpoena or court order shall not produce any information designated in this
19  action as "CONFIDENTIAL" before a determination by the court from which
20  the subpoena or order issued, unless the Party has obtained the Designating
21  Party's permission. The Designating Party shall bear the burden and expense of
22  seeking protection in that court of its confidential material and nothing in these
23  provisions should be construed as authorizing or encouraging a Receiving Party
24  in this Action to disobey a lawful directive from another court.
25  ///
26  ///
27  ///
28  ///

11

PROTECTIVE ORDER
CASE NO. 8:21-cv-00218 DOC (JDEx)

1

11.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO

2

BE PRODUCED IN THIS LITIGATION

3

(a) The terms of this Order are applicable to information produced

4

by a Non-Party in this Action and designated as "CONFIDENTIAL." Such

5

information produced by Non-Parties in connection with this litigation is

6

protected by the remedies and relief provided by this Order. Nothing in these

7

provisions should be construed as prohibiting a Non-Party from seeking

8

additional protections.

9

(b) In the event that a Party is required, by a valid discovery

10

request, to produce a Non-Party's confidential information in its possession,

11

and the Party is subject to an agreement with the Non-Party not to produce the

12

Non-Party's confidential information, then the Party shall:

13

(1) promptly notify in writing the Requesting Party and the Non-

14

Party that some or all of the information requested is subject to a confidentiality

15

agreement with a Non-Party;

16

(2) promptly provide the Non-Party with a copy of the Stipulated

17

Protective Order in this Action, the relevant discovery request(s), and a

18

reasonably specific description of the information requested; and

19

(3) make the information requested available for inspection by the

20

Non-Party, if requested.

21

(c) If the Non-Party fails to seek a protective order from this court

22

within 14 days of receiving the notice and accompanying information, the

23

Receiving Party may produce the Non-Party's confidential information

24

responsive to the discovery request. If the Non-Party timely seeks a protective

25

order, the Receiving Party shall not produce any information in its possession

26

or control that is subject to the confidentiality agreement with the Non-Party

27

before a determination by the court. Absent a court order to the contrary, the

28

///

12

1  Non-Party shall bear the burden and expense of seeking protection in this court

2  of its Protected Material.

3       12.   UNAUTHORIZED DISCLOSURE OF PROTECTED

4          MATERIAL

5       If a Receiving Party learns that, by inadvertence or otherwise, it has

6  disclosed Protected Material to any person or in any circumstance not

7  authorized under this Stipulated Protective Order, the Receiving Party must

8  immediately (a) notify in writing the Designating Party of the unauthorized

9  disclosures, (b) use its best efforts to retrieve all unauthorized copies of the

10  Protected Material, (c) inform the person or persons to whom unauthorized

11  disclosures were made of all the terms of this Order, and (d) request such

12  person or persons to execute the "Acknowledgment an Agreement to Be

13  Bound" attached hereto as Exhibit A.

14       13.   INADVERTENT PRODUCTION OF PRIVILEGED OR

15          OTHERWISE PROTECTED MATERIAL

16  When a Producing Party gives notice to Receiving Parties that certain

17  inadvertently produced material is subject to a claim of privilege or other

18  protection, the obligations of the Receiving Parties are those set forth in Federal

19  Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify

20  whatever procedure may be established in an e-discovery order that provides

21  for production without prior privilege review. Pursuant to Federal Rule of

22  Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect

23  of disclosure of a communication or information covered by the attorney-client

24  privilege or work product protection, the parties may incorporate their

25  agreement in the stipulated protective order submitted to the court.

26       14.   MISCELLANEOUS

27       14.1  Right to Further Relief. Nothing in this Order abridges the right of

28  any person to seek its modification by the Court in the future.

13

14.2   Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3 Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

## 15.   FINAL DISPOSITION

After the final disposition of this Action, as defined in paragraph 6, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial

14

exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 6 (DURATION).

    16.    VIOLATION

    Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

_____

        FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

Dated: April 22, 2021

_____
JOHN D. EARLY
United States Magistrate Judge

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

My name is _____ [print or type full name].

I live at _____

_____ [print or type full address].  I am working on behalf (or at the direction and

engagement) of _____.

I declare under penalty of perjury that I have read in its entirety and

understand the Stipulated Protective Order that was issued by the United States

District Court for the Central District of California on April 22, 2021 in the case of

*Manuel Campa v. Walmart, Inc.*, U.S. District Court Case No. 8:21-cv-00218 DOC

(JDEx).

I agree to comply with and to be bound by all the terms of this Stipulated

Protective Order and I understand and acknowledge that failure to so comply could

expose me to sanctions and punishment in the nature of contempt.

I solemnly promise that I will not disclose in any manner any information or

item that is subject to this Stipulated Protective Order to any person or entity except

in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of

this action.  I hereby appoint _____ [print

or type full name] of _____

_____ [print or type full address and telephone number] as my California

///

///

///

///

16

1     agent for service of process in connection with this action or any proceedings

2     related to enforcement of this Stipulated Protective Order.

3

4     Dated: _____

5     City and State where sworn and signed: _____

6     Printed name: _____

7     Signature: _____

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROTECTIVE ORDER
CASE NO. 8:21-cv-00218 DOC (JDEx)